[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On July 8, 1992, the marriage of the parties was dissolved by a judgment of this court (Hull, S.T.R.).
The parties appeared and were heard regarding the plaintiff's post judgment motion to determine arrearage and contempt as to the defendant's child support obligation.
The parties stipulated and agreed not to pursue either the issue of contempt or the determination of the arrearage accrued, if any, for child support at this time.
Rather, the parties offered evidence and testimony for the limited purpose of having the court determine the defendant's current support obligation.
The July 8, 1992 judgment expressly provided that the defendant was without a source of income and, for that reason, no determination of his support obligation would be made at that time. It further provided that the plaintiff had the right to seek a determination of the defendant's support obligation at any future time "without a showing of a material or substantial change of circumstances, financial or otherwise, based on the [defendant's] ability to work, earning capacity, actual earnings, and income from all sources. . . ."
Having heard the evidence and testimony, the court makes the following findings:
The defendant has an earning capacity of approximately $65,000. With consideration of income taxes and other lawful deductions, his average net weekly income is found to be $850.
The defendant is making reasonable efforts to exploit that earning capacity by his current employment with MMS Incentives, LLC, notwithstanding the fact that his current weekly income is an advance against future earnings.
The defendant, since the date of dissolution, has been the beneficiary of approximately $140,000 from the estate of his late mother. He has used a portion of those funds to purchase a new home with his current wife with equity of $100,000.
The defendant's financial affidavit indicates that he currently owns bank accounts, stocks and other funds which total approximately $68,000.
The plaintiff's net weekly income is found to be approximately $1400. CT Page 1432
The parties' combined net weekly income is found to be $2250. The child support obligation is found to be $525 pursuant to the support guidelines. The defendant's proportionate share is found to be 37 percent of that obligation or $199.33 per week.
Having made the findings set forth herein above, the court hereby ORDERS:
The defendant is to pay to the plaintiff the sum of $195 per week as support for the parties' two minor children.
The defendant is also ordered to contribute and be responsible for 28 percent of the cost of any unreimbursed or uninsured necessary medical and dental expenses incurred on behalf of the said minor children.
The judgment of July 8, 1992 is opened and modified to include the above orders. In all other respects, said judgment remains in full force and effect.
Doherty, J.